**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RAJEL JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-6899** |
| **W.S. MCCAIN, WARDEN** | **SECTION: "F"(5)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.   Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).   For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITH PREJUDICE** as untimely.

### *Procedural History*

Petitioner, Rajel Johnson, is a state inmate incarcerated at the B.B. (Sixty) Rayburn Correctional Center in Angie, Louisiana.   He was initially charged with second-degree murder and armed robbery and entered a plea of not guilty.   The armed robbery charge was later dismissed by the State.[1]   Following a two-day trial, on October 28, 2010, a jury

---

[1] State Rec., Vol. 1 of 5, 24th Judicial District Parish of Jefferson, Bill of Indictment; State Rec., Vol. 3 of 5, Minute Entry, 10/27/10.

found him guilty of manslaughter.[2]    On November 3, 2010, he was sentenced to 37 years

imprisonment.[3]    The State filed a multiple-offender bill of information.[4]    On January 12,

2011, he entered a guilty plea to the multiple bill and the court vacated his original sentence

and resentenced him to 39 years imprisonment.[5]

On direct appeal, Johnson asserted insufficiency of the evidence to support a

conviction and trial-court error in refusing to allow defense counsel to question Detective

Barrette about his dismissal from the police force due to claims that he falsified police

reports and gave misleading recorded statements.    On February 14, 2012, the Louisiana

Fifth Circuit Court of Appeal affirmed the conviction and sentence.[6]    Johnson did not

request a rehearing, nor did he pursue an application for writ of certiorari to the Louisiana

Supreme Court.

On February 19, 2014, Johnson's counsel of record filed an application for post-

---

[2] State Rec., Vol. 3 of 5, Minute Entry, 10/28/10; *see also* State Rec., Vol. 1 of 5, Jury Verdict.

[3] State Rec., Vol. 1 of 5, Minute Entry, 11/3/10.

[4] State Rec., Vol. 1 of 5, Multiple Offender Bill of Information.

[5] State Rec., Vol. 1 of 5, Minute Entry, 1/12/11.    As noted by the court of appeal, Johnson did not challenge his sentence and the multiple-offender hearing transcript was not made a part of the state-court record.

[6] *State v. Johnson*, 2011-KA-336 (La. App. 5th Cir. 2/14/12), 91 So.3d 365; State Rec., Vol. 4 of 5.

conviction relief on his behalf with the state district court.[7]   In that application, he raised

the following claims:     (1) trial counsel was ineffective for failing to object to the responsive

verdict of manslaughter and to properly advise him of a plea offer; (2) the State withheld

evidence in violation of *Brady v. Maryland* that would have undermined the identification

procedure and the admissibility of his statement and (3) failure to provide public records

pursuant to his request.    His post-conviction application was denied on September 11,

2014.[8]    On October 2, 2014, counsel filed a notice of intent to seek supervisory writs.    The

state district court set a return date of November 6, 2014.    On November 6, 2014, counsel

filed a related supervisory writ application with the court of appeal.[9]    That application

asserted ineffective assistance of trial counsel in failing to object to the responsive verdict of

manslaughter and trial-court error in finding the *Brady* claim procedurally barred.    On

December 8, 2014, the Louisiana Fifth Circuit Court of Appeal denied relief on the ineffective-

assistance claim, but granted relief in part and remanded for further proceedings, rejecting

the ruling that Johnson's *Brady* claim was procedurally barred because he had not yet

received a response to his public records request.[10]    On January 8, 2015, counsel on his

---

[7]  State Rec., Vol. 1 of 5, Uniform Application for Post-Conviction Relief stamped as filed for the record on February 19, 2014.

[8]  State Rec., Vol. 2 of 5, District Court Order denying PCR signed September 11, 2014.

[9]  State Rec., Vol 2 of 5, Louisiana Fifth Circuit Writ Application No. 14-KH-861.

[10]  State Rec., Vol. 2 of 5, *State v. Johnson*, 14-KH-861 (La. App. 5th Cir. December 8, 2014) (unpublished writ ruling) (Liljeberg, J. concurring in part, dissenting in part).    The order instructed that "this matter is remanded for further proceedings pending

behalf filed a writ application with the Louisiana Supreme Court, challenging only the intermediate court's denial of his ineffective assistance of counsel claim.[11]     That writ was denied without stated reasons on May 22, 2015.[12]

In the interim on remand, the state district court held proceedings to determine the status of Johnson's public records request.     On February 15, 2015, the state district court issued an order for a response from the State.[13]     On or about February 18, 2015, counsel for Johnson responded to the order and explained she had received a letter dated December 8, 2014 from the District Attorney's office detailing the cost for obtaining the public documents requested, and that she was awaiting a decision by Johnson's family as to how they wished to proceed.     The letter indicated she was satisfied with the State's response. On or about March 13, 2015, the State filed a response to the court order similarly stating that it was waiting for Johnson to inform whether or not he would pursue a copy of the public records requested.     On March 17, 2015, the state district court issued an order noting that both parties had indicated compliance with the public records request and that no further

---

accomplishment of relator's public records request."     The dissenting judge stated he would deny the writ application in its entirety.

[11]   State Rec., Vol. 5 of 5, Louisiana Supreme Court Writ Application No. 2015-KP-0044.

[12]   *State v. Johnson*, 2015-KP-0044 (La. 5/22/15), 170 So.3d 984. State Rec., Vol. 5 of 5.

[13]   State Rec., Vol. 2 of 5.

action was necessary at that time.[14]   There is nothing in the record to suggest that Johnson

ever authorized his counsel at that point to actually obtain the public records in order to

pursue his *Brady* claim.[15]

On December 14, 2015, Johnson submitted his federal application for *habeas corpus*

relief.[16]  In his petition, Johnson claims: (1) trial counsel was ineffective for failing to object

to the responsive verdict of manslaughter and to properly advise him of a plea offer; (2) the

State withheld evidence in violation of *Brady v. Maryl*and that would have undermined the

identification procedure and the admissibility of his statement and (3) failure to provide

public records pertaining to Detective Barrette pursuant to his request.[17]   The State argues

that the federal application should be dismissed as a mixed petition because he has

exhausted state-court remedies as to only one of the claims raised, and as untimely in any

---

[14]  State Rec., Vol. 2 of 5, District Court Order, 3/17/15.

[15]  The State notes in its response that on February 29, 2016, about one year after the resolution of the public-records request issue, Johnson filed a motion for production of documents, which was denied by the trial court.   Rec. Doc. 13, p. 4.

[16]  Rec. Doc. 1, Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus.   As the record reflects, although the application was not dated, it was mailed on December 14, 2015.

[17]  Detective Barrette was the lead detective in the homicide investigation in October 2007.   The evidence relates to an unrelated criminal investigation of Detective Barrette in 2008 for falsifying police reports that his vehicle had twice been burglarized.   Johnson maintains that "while the defense was able to obtain some materials through subpoena duces tecum, the actual false burglary reports and the statements of witnesses made in direct contradiction to Detective Barrette's statement to investigators remains undiscoverable to this day... those materials would have provided considerable impeachment material in this case."   Rec. Doc. 3, p. 19.

event.    Johnson filed a reply to the State's response.[18]

For the reasons set forth below, the Court finds that the instant application is a mixed

petition and, moreover, that it is untimely.

*Exhaustion*

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion

of all claims in state court prior to requesting federal collateral relief."    *Preiser v. Rodriguez*,

411 U.S. 475, 500 (1973); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir.1998) (citing *Rose*

*v. Lundy*, 455 U.S. 509, 519–20 (1982)).    "A federal habeas petition should be dismissed if

state remedies have not been exhausted as to all of the federal court claims."    *Whitehead*,

157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519–20).

A petitioner properly exhausts state remedies only by presenting his federal

constitutional claims to each level of the state courts empowered to hear those claims, either

on direct appeal or in collateral post-conviction proceedings.    *See O'Sullivan v. Boerckel*,

526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (requiring state prisoners, in order to fully

exhaust their claims, "to file petitions for discretionary review when that review is part of

the ordinary appellate review procedure in the State").    "Because the exhaustion doctrine

is designed to give the state courts a full and fair opportunity to resolve federal constitutional

claims before those claims are presented to the federal courts, state prisoners must give the

state courts one full opportunity to resolve any constitutional issues by invoking one

---

[18]   Rec. Doc. 14.

complete round of the State's established appellate review process."    *Id*. at 845.

Furthermore, a petitioner's federal claim must have been "fairly presented" at each level of the state court system.    *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004).    "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement."    *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application."    *Whitehead*, 157 F.3d at 387 (citing *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997)).    Nor is the fair presentation standard satisfied if the state court must read beyond the petition or brief, for instance to a lower court opinion, to identify the claim.    *Baldwin*, 541 U.S. at 32.

Here the State argues that only one ineffective assistance of counsel claim was fairly presented by Johnson to the state courts, including the Louisiana Supreme Court (*i.e.*, ineffective assistance for failing to object to the responsive verdict of manslaughter). Johnson omitted his other ineffective assistance claim in both the intermediate court and the Louisiana Supreme Court.    He also failed to pursue the *Brady* claim or public documents request after remand by the court of appeal.    These claims clearly were never presented to the Louisiana Supreme Court.    Because these claims were not presented, fairly or otherwise, to the state's highest court, the claims are unexhausted.    Johnson's federal application is therefore a mixed petition, containing both exhausted and unexhausted claims,

and subject to dismissal without prejudice on that basis.    *Alexander v. Johnson*, 163 F.3d

906, 908 (5th Cir. 1998) ("A habeas petition containing both exhausted and unexhausted

claims is a 'mixed' petition which should be dismissed without prejudice.").    However, as

the State also correctly asserts, the petition is untimely and therefore should be dismissed

*with* prejudice for that reason.

### *Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28

U.S.C. § 2241 *et seq.*, governs the filing date for this action because Johnson filed his *habeas*

petition after the AEDPA's effective date.    *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138

L.Ed.2d 481 (1997).    The AEDPA generally requires that a petitioner bring his Section 2254

claims within one (1) year of the date on which his underlying criminal judgment becomes

"final." 28 U.S.C. 2244(d)(1)(A).[19]    With regard to finality, the United States Fifth Circuit

Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a
> state conviction begins to run on "the date on which the [state] judgment
> became final by the conclusion of direct review or the expiration of the time
> for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner
> has pursued relief on direct appeal through his state's highest court, his
> conviction becomes final ninety days after the highest court's judgment is
> entered, upon the expiration of time for filing an application for writ of
> certiorari with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d
> 690, 693 (5th Cir.2003). However, "[i]f the defendant stops the appeal process
> before that point," ... "the conviction becomes final when the time for seeking
> further direct review in the state court expires." *Id*. at 694; *see also Foreman v.*

---

[19]  Section 2244(d)(1) includes alternate provisions for other events that can trigger
the commencement of the statute of limitations, which do not apply in this case.

> *Dretke*, 383 F.3d 336, 338 (5th Cir.2004) (Section 2244(d)(1)(A) gives
> alternative routes for finalizing a conviction: either direct review is completed
> or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for
> federal habeas purposes, a necessary part of the finality inquiry is determining
> whether the petitioner is still able to seek further direct review. *See Foreman*,
> 383 F.3d at 338–39. As a result, this court looks to state law in determining
> how long a prisoner has to file a direct appeal. *See Causey v. Cain*, 450 F.3d 601,
> 606 (5th Cir.2006); *Roberts*, 319 F.3d at 693.

*Butler v. Cain*, 533 F.3d 314, 317 (5th Cir.2008).

As previously noted, the Louisiana Fifth Circuit affirmed Johnson's state court conviction and sentence on February 14, 2012.    He neither sought a rehearing with the intermediate court nor pursued relief from the judgment in the Louisiana Supreme Court. Thus, Johnson's conviction became final, for federal limitations purposes, on March 15, 2012, when he failed to seek review with the Louisiana Supreme Court.    La. S.Ct. Rule X, Section 5; *Butler*, *supra*.    Under a plain reading of the statute, he then had one year, or until March 15, 2013, to file his federal *habeas* petition.    He did not file his federal *habeas* petition with this Court until December 14, 2015.    Thus, his application must be dismissed as untimely, unless that deadline was extended through tolling.

A. *Statutory Tolling*

The Court finds no basis for statutory tolling in this case.    Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

subsection."   28 U.S.C. § 2244(d)(2).   However, Johnson concedes he had no such applications pending before the state courts during the applicable one-year period.   The one-year federal limitations period continued to run uninterrupted and expired on March 15, 2013.   His state-court application for post-conviction relief was not filed until February 19, 2014, well *after* the one-year federal limitations period had already expired, and therefore could not possibly afford him any tolling benefit.   *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Magee v. Cain*, Civ. Action No. 99–3867, 2000 WL 1023423, at *4, *aff'd*, 253 F.3d 702 (5th Cir. 2001); *Williams v. Cain*, Civ. Action No. 00–536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).   Simply put, once the federal limitations period expired, "[t]here was nothing to toll."   *Butler v. Cain,* 533 F.3d at 318; *see also Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002) (missing the AEDPA deadline by even a few days nevertheless renders a federal petition untimely).   Because Johnson had no other state applications pending at any time during the one-year limitations period, he clearly is not entitled to any tolling credit pursuant to § 2244(d)(2).

B. *Equitable Tolling*

The United States Supreme Court has held that the AEDPA's statute of limitations is subject to equitable tolling.   *Holland v. Florida*, 560 U.S. 631, 645-648 (2010).   However, "a petitioner is entitled to equitable tolling only if he shows that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing."   *Id*. at 649 (internal quotation marks omitted); *see also Davis v. Johnson*, 158

10

F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances").    A petitioner bears the burden of proof to establish entitlement to equitable tolling.    *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).    As to the second prong, the Court in *Holland* held that typically "a petitioner must bear the risk of attorney error," but this is subject to some limits where the attorney's "professional misconduct" could "amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling."    *Id*. at 650–51.    The Supreme Court distinguished "far more serious instances of attorney misconduct" by petitioner's attorney in *Holland* from "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline [that] does not warrant equitable tolling."    *Id*. at 651–52 (internal quotation marks and citations omitted).    The Supreme Court in *Holland* painstakingly distinguished missing a deadline from the egregious behavior of counsel on the facts of that particular case.[20]    *Holland*, 560 U.S. at 652-53

---

[20]  In *Holland*, the Court explained:

The record facts that we have set forth in Part I of this opinion suggest that this case may well be an "extraordinary" instance in which petitioner's attorney's conduct constituted far more than "garden variety" or "excusable neglect." To be sure, Collins failed to file Holland's petition on time and appears to have been unaware of the date on which the limitations period expired—two facts that, alone, might suggest simple negligence. But, in these circumstances, the record facts we have elucidated suggest that the failure amounted to more: Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner

11

(2010).

Johnson contends he is entitled to equitable tolling because he relied on his hired counsel to file his post-conviction applications in the state courts before pursuing his federal application.    He therefore attributes any oversight in missing the federal deadline to retained counsel.    This scenario, however, simply does not constitute the extraordinary circumstances required to justify equitable tolling.

First, Johnson provides no information surrounding his contractual agreement with hired counsel (*i.e.*, the timing and scope of that agreement).    As a result, there is nothing to indicate that he hired counsel promptly once his conviction became final and within the one-year federal limitations period, or that the scope of the representation included anything other than filing state post-conviction relief applications on his behalf.    Simply stated, there has been no showing made under the circumstances of *any* attorney error, much less egregious misconduct on the part of counsel.

Second, Johnson's allegation that post-conviction counsel had an obligation to inform him about federal deadlines does not suffice to prove entitlement to equitable tolling.    Even if he could establish that such a duty existed, ignorance of deadlines and its related omissions

---

about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

do not justify equitable tolling.    As the United States Fifth Circuit has stated, ignorance of

AEDPA's limitations period is no excuse for filing an untimely federal *habeas* petition.    *See*

*Felder v. Johnson,* 204 F.3d 168, 171–72 (5th Cir.2000) (prisoner's *pro se* status and lack of

knowledge of filing deadline did not warrant equitable tolling).    Thus, even if Johnson could

show that he was negligently advised by counsel, mere negligence by an attorney does not

amount to an extraordinary circumstance warranting equitable tolling of the limitations

period.    *Holland*, 560 U.S. at 652; *Lawrence v. Florida*, 549 U.S. 327, 336-337, 127 S.Ct. 1079,

166 L.Ed.2d 924 (2007) (rejecting the petitioner's contention that "his counsel's mistake in

miscalculating the limitations period entitle[d] him to equitable tolling").    Accordingly,

Johnson fails to show that he is entitled to equitable tolling.

In sum, the instant petition was filed after the federal limitations period expired.

Johnson has not established that the limitations period was tolled.    Therefore, his federal

*habeas corpus* petition should be dismissed with prejudice as untimely.

### **RECOMMENDATION**

**IT IS RECOMMENDED** that Johnson's application for federal *habeas corpus* relief be

**DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and

recommendation in a magistrate judge's report and recommendation within fourteen (14)

days after being served with a copy shall bar that party, except upon grounds of plain error,

from attacking on appeal the unobjected-to proposed factual findings and legal conclusions

accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United*

*Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc).[21]

    New Orleans, Louisiana, this __15th__ day of _____November_____, 2016.

_____

MICHAEL B. NORTH

UNITED STATES MAGISTRATE JUDGE

---

[21] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.